**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 18, 2006**

**TENTH CIRCUIT**

DARRYL PORTER,

          Petitioner - Appellant,

v.

DAVID R. MCKUNE; ATTORNEY
GENERAL OF KANSAS,

          Respondents - Appellees.

No. 06-3133

D. Kansas

(D.C. No. 05-CV-3297-JWL)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Darryl Porter pleaded guilty in June 1993 in Kansas state court to several offenses and was sentenced to a term of imprisonment of 40 to 60 years. He filed an application under 28 U.S.C. § 2254 in the United State District Court for the District of Kansas, arguing that (1) he received ineffective assistance of counsel and (2) his guilty plea was not knowing and voluntary. The district court denied

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his § 2254 application and denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA). Mr. Porter now seeks a COA from this court, which we deny.

## I.      BACKGROUND

In October 1992 Mr. Porter robbed a grocery store in Overland Park, Kansas. During the robbery he held the store manager at gunpoint, forced him to the office where the store's safe was located, compelled him to open the safe, and then shot him. The store manager was severely wounded. Mr. Porter was captured by police soon thereafter.

Mr. Porter was charged with aggravated robbery, aggravated kidnapping, and attempted first-degree murder. He pleaded guilty to the charges, except that the charge of aggravated kidnapping (which carried a possible life sentence) was reduced to kidnapping. In 1999 he commenced a state habeas corpus proceeding under Kan. Stat. Ann. § 60-1507, arguing that he was denied effective assistance of counsel at his plea hearing. The trial court denied the motion, and the Kansas Court of Appeals affirmed. Mr. Porter then filed a motion to correct an illegal sentence, challenging the factual basis for the kidnapping and attempted-murder charges. This, too, was denied by the trial court, and the Kansas Court of Appeals affirmed.

On July 1, 2005, Mr. Porter filed his § 2254 application, which the district court denied. In seeking to appeal that denial, he makes two claims: (1) his

counsel was ineffective for failing to inform him that there was no factual basis for his plea of guilty to the kidnapping charge; and (2) his guilty pleas were not knowing and voluntary because there was no factual basis for either kidnapping or attempted first-degree murder.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

Mr. Porter's ineffectiveness claim and the challenge to his guilty plea turn on his assertion that there was an insufficient factual basis for his pleas to kidnapping and attempted murder. He does not dispute the historical facts presented by the state at his plea hearing; his argument is that those facts are insufficient to support charges of kidnapping and attempted first-degree murder

under state law.[1]  He relies on the following statement in *State v. Buggs*, 547 P.2d 720, 731 (Kan. 1976):  "The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping."

But the Kansas Court of Appeals has already rejected this argument.  That court, in affirming the district court's denial of Mr. Porter's motion to correct illegal sentence (which it construed as a motion to withdraw his guilty plea), recited the facts of Mr. Porter's crimes and concluded:  "Clearly [these facts] constituted a sufficient factual basis for Porter's guilty plea of kidnapping and attempted first-degree murder."  *State v. Porter*, No. 91,386, slip op. at 5 (Kan. Ct. App. Dec. 10, 2004).  (According to Mr. Porter's memorandum in district court in support of his § 2254 application, the Kansas Supreme Court denied review.)  "We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law."  *Bowser v. Boggs,* 20 F.3d 1060, 1065 (10th Cir. 1994).  Given the Kansas Court of Appeals' ruling that the facts presented by the state constituted a sufficient factual basis for the charged crimes, Mr. Porter's ineffectiveness claim must be rejected.  Counsel is not ineffective for failing to raise meritless claims. *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995).  Similarly, no

_____

[1]Thus, Mr. Porter's claim is distinct from a sufficiency-of-the-evidence challenge in which the defendant contends that no reasonable trier of fact could find that the facts necessary to constitute the crime charged had been proved beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979).

reasonable jurist could accept Mr. Porter's argument that his plea was not knowing and voluntary.

## III.   CONCLUSION

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge