2012 WY 106

**Connie Marie POWELL, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S–11–0094.

Supreme Court of Wyoming.

Aug. 7, 2012.

---

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel. Argument by Ms. Olson.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey S. Pope, Assistant Attorney General. Argument by Mr. Pope.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from a larceny conviction. Because there was insufficient evidence to prove beyond a reasonable doubt that the appellant committed larceny, we reverse.

## ISSUE

[¶ 2] The appellant has raised four issues in this appeal, but we will resolve only the single dispositive issue: was the evidence sufficient for a reasonable jury to find beyond a reasonable doubt that the appellant committed larceny?

## STANDARD OF REVIEW

In reviewing the sufficiency of the evidence ..., we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Anderson v. State*, 2009 WY 119, ¶ 6, 216 P.3d 1143, 1145 (Wyo.2009) (quoting *Martin v. State*, 2007 WY 2, ¶ 32, 149 P.3d 707, 715 (Wyo.2007)).

## FACTS

[¶ 3] The appellant worked as a bookkeeper for Rocky Mountain Pump Services (RMPS) from March 2005 to February 2007, when her employment was terminated. During that period, RMPS's primary officers and managers were Bradley Nelson, the project manager, Chad Federer, the construction foreman, Nick Hartsook, the office manager, and Jerry Krotz, the service manager. RMPS was in the business of constructing and maintaining gas stations, truck stops, and similar facilities.

**1.** Pursuant to Wyo. Stat. Ann. § 6–3–410 (Lexis-Nexis 2011), amounts allegedly taken in a common scheme may be aggregated in determining

[¶ 4] After terminating the appellant's employment, RMPS contracted with Melanie Field to handle the company's books until another bookkeeper could be hired. Field immediately found the books to be incomplete, inaccurate, and in need of "rebuilding." Painstaking reconstruction of the books, back to the time when the appellant was hired, revealed numerous discrepancies and missing records, with multiple paychecks to the appellant for the same pay period, copies of checks made payable to the appellant where the computer QuickBooks system showed those checks being paid to vendors, and a few checks made payable to the appellant where the issuing manager's signature appeared to be forged.

[¶ 5] Field's examination of the books was followed by a law enforcement investigation that included a review of the appellant's personal bank account records. Eventually, it was determined that 93 checks, totaling $78,200, and claimed to be "unauthorized" by RMPS, had been deposited into the appellant's personal account during her tenure as RMPS's bookkeeper. Of those checks, 86 were issued by Hartsook, and seven bore Nelson's signature. The appellant was arrested and charged with one count of felony larceny.[1] A jury found her guilty.

## DISCUSSION

[¶ 6] The case against the appellant went awry when the State decided to charge her with larceny. To understand why this is so, one must look at Wyoming's statutory scheme in regard to theft offenses. To be even more fully informed, it is helpful to read Wayne R. LaFave, *Substantive Criminal Law* §§ 19.1 to 19.8(d) (2d ed. 2003); 32 Am.Jur.2d *False Pretenses* §§ 1–38 (2007); and 50 Am.Jur.2d *Larceny* §§ 1–2, 9–10, 13–26 (2006). Our focus is upon the following principle of law:

> The law of theft and larceny has been recodified and its language has been simplified, but proof of the specific crime charged must still be made and tested

the value of the property. In other words, several misdemeanors can be made into one felony.

against the beyond-a-reasonable-doubt standard.

*Lahr v. State,* 840 P.2d 930, 933 (Wyo.1992); *see also Guerrero v. State,* 2012 WY 77, ¶ 18, 277 P.3d 735, 740 (Wyo.2012); and *Jones v. State,* 2011 WY 114, ¶ 28, 256 P.3d 527, 536 (Wyo.2011) (Voigt, J., specially concurring).[2]

■ [¶ 7] There are three separate crimes that must be identified for this discussion. First, the "historic" crime of larceny is found at Wyo. Stat. Ann. § 6–3–402(a) (LexisNexis 2011):

> (a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

We have said many times that "taking" and "carrying" are elements of the crime of larceny. *Jones,* 2011 WY 114, ¶ 11, 256 P.3d at 532; *Wells v. State,* 613 P.2d 201, 202 (Wyo. 1980); *Repkie v. State,* 583 P.2d 1272, 1273 (Wyo.1978). "Taking" and "carrying" ("caption" and "asportation" at common law) must both be proven under our larceny statute, and "[f]ailure to include these elements in the instructions violate[s] a clear and unequivocal rule of law." *Jones,* 2011 WY 114, ¶ 15, 256 P.3d at 533.[3] For the purposes of our present discussion, the key fact is that, to make the crime larceny, the taking must be "trespassory," meaning that it must be without the owner's consent. *Guerrero,* 2012 WY 77, ¶¶ 15–19, 277 P.3d at 739–41; *Wells,* 613 P.2d at 204; LaFave, *Substantive Criminal Law* §§ 19.1, 19.2; 50 Am.Jur.2d *Larceny* § 26.

■ [¶ 8] Another form of larceny that we feel should be discussed by comparison is "larceny by a bailee," which is defined in Wyo. Stat. Ann. § 6–3–402(b) (LexisNexis 2011) as follows:

> (b) A bailee, a public servant as defined by W.S. 6–5–101(a)(vi) or any person entrusted with the control, care or custody of any money or other property who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

The material elements of larceny by a bailee for purposes of our present discussion are that the defendant have custody or possession of the property with consent, and that, while in such possession, the defendant converts the property to his own or another's use. *See Barker v. State,* 2006 WY 104, ¶¶ 29–33, 141 P.3d 106, 116–17 (Wyo.2006); *Willis v. State,* 2002 WY 79, ¶ 9, 46 P.3d 890, 894 (Wyo.2002). The crime of larceny by a bailee is similar to the common law crime of embezzlement. LaFave, *Substantive Criminal Law* § 19.6; 26 Am.Jur.2d *Embezzlement* § 1 (2004).

■ [¶ 9] Finally, the crime of "obtaining property by false pretenses" appears in Wyo. Stat. Ann. § 6–3–407(a) (LexisNexis 2011):

> (a) A person who knowingly obtains property from another person by false pretenses with intent to defraud the person is guilty of [a felony or misdemeanor, depending upon the amount obtained].

The key elements of this crime are: (1) the pretenses; (2) their falsity; (3) the fact of obtaining property by reason of the pretenses; (4) the knowledge of the accused of their falsity; and (5) the intent to defraud. *Maycock v. State,* 2011 WY 104, ¶ 9, 257 P.3d 20, 22 (Wyo.2011); *Lopez v. State,* 788 P.2d 1150, 1152 (Wyo.1990); *Driver v. State,* 589 P.2d 391, 393 (Wyo.1979). The misrepresentation must be of past or existing facts; a false representation as to a future act will not suffice. *Driver,* 589 P.2d at 393; LaFave *Substantive Criminal Law* § 19.7(b)(5).

**2.** In 1982, the Wyoming legislature added subsection (d) to Wyo. Stat. Ann. § 6–3–402. 1983 Wyo. Sess. Laws ch. 171, at 559. Subsection (d) read as follows when it was adopted: "Conduct denoted larceny in this section constitutes a single offense embracing the separate crimes formerly known as larceny, larceny by bailee, embezzlement or related offenses." The following year, the words "or related offenses" were deleted. 1984 Wyo. Sess. Laws ch. 44, at 81. As a general rule of statutory construction, we attempt to give effect to "every word, clause, and

sentence" in a statute. *Busch v. Horton Automatics, Inc.,* 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo.2008). We must confess, however, that in the context of the elements of the separately identified crimes of larceny, larceny by a bailee, and obtaining property by false pretenses, we cannot decipher the intent of subsection (d).

**3.** We will note in passing that the larceny elements instruction in this case did not include the element of carrying away.

The critical difference between larceny crimes and false pretense crimes is the passage of title. If the owner of property parts with both title and possession in reliance on the taker's fraudulent representations, the crime of the taker is obtaining property by false pretenses. But if the fraud, trick, or false pretenses induce the owner to part merely with the possession of his or her property, the party who receives the property is guilty of the crime of larceny.

32 Am.Jur.2d *False Pretenses* § 3.

[¶ 10] The essential elements of the three crimes being compared can be described as follows. Larceny requires a trespassory non-consensual taking, and the thief obtains neither title nor the right to possession. Larceny by a bailee does not require a trespassory taking; instead, a thief who is in rightful possession of property unlawfully converts it to his own or another's use, without thereby obtaining title to the property. The crime of obtaining property by false pretenses occurs when a thief, without a trespassory taking, but via the utterance of false pretenses, obtains both possession and title to the property. The key to this last-described crime is that, having been deceived by the thief, the victim consensually parts with both possession and title.

[¶ 11] It is hard to identify the State's larceny theory in this case. In the Information, it is alleged that the appellant "did unlawfully take money." The Affidavit of Probable Cause attached to the Information says that she "issu[ed] unauthorized checks to herself." The State's proposed elements instruction, which instruction was accepted and given to the jury, alleges that the appellant "took" money. During *voir dire*, the prosecutor described the crime being charged as follows:

I bring that up because sometimes you might have heard throughout your experiences in life the word embezzlement and kind of may have a form of what that is.

Embezzlement is what some other places call it when you steal from an employer. In Wyoming it is called larceny. It is the same as if you steal from a stranger or if you steal from anybody else. That's all lumped into one prong that's being accused here.

So I don't want you to be confused of why didn't we charge embezzlement versus larceny. It is the same thing in Wyoming.

That statement does not accurately reflect the actual state of the three separate statutory theft offenses discussed herein, and "steal" is not a word that even appears in the elements instructions. Repeatedly during both his opening statement and his closing argument, the prosecutor said the case was about "documents and deception." Also during closing argument, the prosecutor summed up the State's burden as follows: "If just one check over a thousand you believe she was not legally entitled to, she took that money with the intent to deprive someone, beyond a reasonable doubt, then that's enough."

[¶ 12] The fatal flaw in the State's case is that it produced no evidence whatsoever of a trespassory taking. The checks were not "issued" by the appellant without the owners' consent.[4] Instead, the checks were issued by the owners and given to the appellant for the purpose, or for the payee, stated on the check.[5] Possession of and title to both the check and the money represented by the check passed with the consent of the owners, even though, accepting the State's evidence as true, the appellant deceived them as to the validity of the check's purpose. And while Nelson testified that his "signature" on several of the checks did not look like his signature, suggesting that the signature was forged, the State inexplicably made no attempt beyond Nelson's generalized statement, to prove that the signatures were actually forged, or that it was the appellant who forged them.

[¶ 13] The State did prove that the appellant altered the company's computer book-

---

**4.** *Compare with Swanson v. State*, 981 P.2d 475, 476–77 (Wyo.1999), where an appellant who, without authority, wrote himself two checks on his employer's account, was guilty of larceny.

**5.** Some of the questioned checks were made payable to the appellant's husband or son, both of whom also were employed by RMPS.

keeping system to "cover her tracks" in regard to the checks issued to her under false pretenses. If a check allegedly was a paycheck, she would create a fictitious pay period in the books. On other checks that were made payable to her, she would enter the payee into the bookkeeping system as a particular vendor. But in no instance did the State prove that, without authority, the appellant issued herself a check without authorization from one of the company managers. She did not "take" the checks under the historical definition of that word in the context of larceny. Rather, the checks were "given" to her under the mistaken belief that the money represented by the checks was due the appellant.[6]

### CONCLUSION

[¶ 14] The appellant was charged with larceny, which crime as defined in the Wyoming Statutes, requires a trespassory taking in the common law sense. The State did not prove that element of the crime; therefore, we reverse.

---

**6.** Wyoming's definition of "property" in the criminal code includes intangible property, such as checks. Wyo. Stat. Ann. § 6–1–104(a)(viii) (LexisNexis 2011). This is consistent with most modern statutes. LaFave, *Substantive Criminal Law* § 19.7(e); 32 Am.Jur.2d *False Pretenses* § 38; *see also State v. Dickens*, 243 Kan. 574, 757 P.2d 321, 323–24 (1988).