# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 50

### APRIL TERM, A.D. 2013

### April 30, 2013

KIET HOANG NGUYEN,

Appellant
(Defendant),

v.

S-12-0173

STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
The Honorable Jeffrey A. Donnell, Judge

*Representing Appellant:*

Diane Lozano, State Public Defender, PDP; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1]    Kiet Hoang Nguyen challenges the judgment and sentence entered after he pleaded guilty to one count of larceny.  He claims that the factual basis provided by the State for his guilty plea did not meet the elements of larceny, specifically the "taking" requirement.  Apparently recognizing the factual basis did not establish the crime of larceny, the State argues that his conviction should, nevertheless, be affirmed because Mr. Nguyen understood his conduct was criminal and he waived any challenge to the sufficiency of the evidence when he pleaded guilty.

[¶2]    We conclude the district court committed plain error by entering judgment on Mr. Nguyen's guilty plea  when it was not supported by a  sufficient factual basis. Consequently, we reverse.

## ISSUE

[¶3]    Mr. Nguyen presents the following issue on appeal:

> Did the trial court err when it accepted Mr. Nguyen's guilty plea without obtaining a sufficient factual basis to support the offense of larceny?

The State phrases the issue differently:

> Requiring a district court to accept a factual basis for a guilty plea ensures a defendant understands his conduct was criminal and is not misled into waiving substantial rights. The factual basis for Kiet Nguyen's guilty plea showed he deposited potentially forged checks from accounts with insufficient funds and then withdrew some of the money before the bank knew.  Was there a sufficient factual basis for Nguyen to understand his conduct was criminal?

## FACTS

[¶4]    Mr. Nguyen was charged with one count of larceny in violation of Wyo. Stat. Ann. § 6-3-402(a) (LexisNexis 2011).  He and the State negotiated a plea agreement in which the State agreed to dismiss three forgery charges in a different case and recommend probation at the sentencing hearing in exchange for Nguyen's guilty plea to the larceny charge.

[¶5]    At his arraignment, the district court advised Mr. Nguyen of his rights and the rights he would be waiving should he plead guilty.  It also went over the charge and the

1

potential penalties with him and informed him that it did not have to accept the recommended sentence and could sentence him in accordance with the maximum penalties under the statute. Mr. Nguyen expressed his approval of the plea agreement, stated he understood his rights and the rights he would be waiving, and pleaded guilty to the larceny charge. The State provided a factual basis for the guilty plea, Mr. Nguyen and defense counsel agreed the factual basis correctly stated their understanding of the State's evidence, and the district court accepted the factual basis for Mr. Nguyen's guilty plea.

[¶6]   The district court ordered a presentence investigation report (PSI) and substance abuse evaluation. At the sentencing hearing, the district court determined probation was not appropriate in light of the PSI which showed Mr. Nguyen had an extensive history of criminal convictions for various types of thefts and planned to leave Wyoming if granted probation. The court sentenced him to serve a term of incarceration of four to nine years and to pay a $5,000 fine, together with restitution and other assessments. Mr. Nguyen then appealed to this Court.

## DISCUSSION

[¶7]   Mr. Nguyen claims the district court did not have a sufficient factual basis to justify accepting his guilty plea under W.R.Cr.P. 11. As a preliminary matter, we must determine the appropriate standard of review. Mr. Nguyen insists the standard of review is *de novo*, while the State argues the standard of review is plain error. This Court has said that the standard of review for determining whether a defendant's guilty plea was truly voluntary is *de novo*. *See, e.g., Maes v. State,* 2005 WY 70, ¶ 9, 114 P.3d 708, 710-11 (Wyo. 2005); *Van Haele v. State,* 2004 WY 59, ¶ 12, 90 P.3d 708, 711 (Wyo. 2004). This is consistent with United States Supreme Court precedent. *See Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S. Ct. 843, 849, 74 L. Ed. 2d 646 (1983) (stating "the governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law," making the standard of review *de novo*).

[¶8]   However, the United States Supreme Court has also stated that Rule 11 violations are governed by the harmless error standard when an objection was made in the trial court or the plain error standard when no objection was made. *United States v. Vonn,* 535 U.S. 55, 73-74, 122 S. Ct. 1043, 1054, 152 L. Ed. 2d 90 (2002). The *Vonn* ruling was based upon the fact that Federal Rule of Criminal Procedure 11(h) states "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." W.R.Cr.P. 11(h) incorporates the same harmless error concept. The United States Supreme Court explained that, although Rule 11 does not specifically address the plain error rule, Rule 52 does and it is of equal dignity to Rule 11. *Vonn,* 535 U.S. at 65, 122 S. Ct. at 1049-50. *See also, United States v. Edgar,* 348 F.3d 867, 870-71 (10th Cir. 2003) (recognizing standard of review for Rule 11 violations is the harmless error standard with an objection or the plain error standard without an objection).

2

[¶9]    Several federal circuit courts have specifically stated that the plain error standard applies when a defendant challenges the factual basis for his guilty plea on appeal but did not move to withdraw his guilty plea or otherwise object in the court below. *See, e.g.,* *United States v. Parra,* 414 Fed. Appx. 167, 171 (10th Cir. 2011) (unpublished decision); *United States v. Taylor,* 627 F.3d 1012, 1017 (6th Cir. 2010); *United States v. Orozco-Osbaldo,* 615 F.3d 955, 958 (8th Cir. 2010); *United States v. Smith,* 511 F.3d 77, 85 (1st Cir. 2007).   In *Starrett v. State,* 2012 WY 133, 286 P.3d 1033 (Wyo. 2012), we concluded the determination of whether a defendant was properly advised under Wyo. Stat. Ann. § 7-11-507 (LexisNexis 2011) that he may lose the right to possess firearms as a result of his conviction  was subject to *de novo*  review because it involved the interpretation and application of a mandatory statute.  We recognized, however, that a claimed violation of Rule 11 would be reviewed for plain error if there was no objection below.  *Id.,* ¶ 8, 286 P.3d at 1036.

[¶10]  Considering this authority, we conclude the plain error standard applies to Mr. Nguyen's claim because he did not move to withdraw his guilty plea or otherwise object to the sufficiency of the factual basis in the district court.  "'Plain error exists when: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him.'" *Kidwell v. State,* 2012 WY 91, ¶ 10, 279 P.3d 540, 543 (Wyo. 2012), quoting *Talley v. State,* 2007 WY 37, ¶ 9, 153 P.3d 256, 260 (Wyo. 2007).

[¶11]  W.R.Cr.P. 11(f) addresses the factual basis requirement and states:

> **(f) Determining Accuracy of Plea.** Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

In *Maes*, ¶ 21, 114 P.3d at 714, this Court explained:

> The intent of the procedural requirement of a factual basis is to prevent the individual charged with a crime from being misled into a waiver of substantial rights. *Sami v. State,* 2004 WY 23, ¶ 9, 85 P.3d 1014, ¶ 9 (Wyo.2004). A sufficient inquiry to obtain a factual basis includes a determination that the defendant understood his conduct, in light of the law, to be criminal. *Id.* However, the factual basis for accepting a plea may be inferred from circumstances surrounding the crime and need not be established only from the defendant's statements. *Id.* W.R.Cr.P. 11 does not require proof beyond a

3

reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements. *Id.*

See also, *Hirsch v. State,* 2006 WY 66, ¶ 9, 135 P.3d 586, 590 (Wyo. 2006); *Sami v. State,* 2004 WY 23, ¶¶ 9-10, 85 P.3d 1014, 1017-18 (Wyo. 2004). The purposes of the factual basis inquiry include:

> "it should protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.... In addition, the inquiry into the factual basis of the plea provides the court with a better assessment of defendant's competency and willingness to plead guilty and his understanding of the charges, increases the visibility of charge reduction practices, provides a more adequate record and thus minimizes the likelihood of the plea being successfully challenged later, and aids correctional agencies in the performance of their functions."

*Van Haele*, ¶ 13, 90 P.3d at 712, quoting Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* 938 (2d ed. 1992).

[¶12] The first element of the plain error analysis is satisfied in this case because the charged offense and the factual basis clearly appear in the record. Mr. Nguyen was charged and convicted of larceny under § 6-3-402(a): "A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny." The State provided the following factual basis for the guilty plea:

> If this matter went to trial, the State would show through evidence and testimony that on or between the 4th day of March and the 5th day of March of 2010, here in Albany County, the Defendant, Kiet Hoang Nguyen, did commit the offense of larceny, and that he did steal property of another, and the value of that property was over $1,000.
>
> What had happened is Mr. Nguyen opened a bank account at First Interstate Bank here in Laramie on the 4th day of March of 2010. He then immediately deposited checks, I believe, totaling $4,400. All of those checks were written by other people. It was initially thought they were forged. We're kind of on the fence on that.

4

But he did deposit all of these checks. And then somewhere between the 4th and the 5th immediately withdrew $1,800 cash and then left the jurisdiction and has had no further contact with First Interstate Bank. All the checks did come back for lack [of] []sufficient funds and so none have been paid on. And Mr. Nguyen basically took $1,800 from First Interstate Bank.

Mr. Nguyen and defense counsel agreed the State would be able to present that evidence at trial, and the district court accepted the factual basis for Mr. Nguyen's guilty plea.

[¶13] The second element of the plain error analysis requires demonstration of a transgression of a clear and unequivocal rule of law. In this case, we must determine whether a sufficient factual basis was presented to support the guilty plea. In making that determination, the elements of the charged offense are compared to the facts admitted by the defendant and inferences arising from those facts. *See United States v. Garcia-Paulin,* 627 F.3d 127, 131 (5th Cir. 2010); *Hirsh,* ¶¶ 10-13, 135 P.3d at 590-92.

[¶14] Mr. Nguyen contends the factual basis was inadequate as a matter of law because it did not establish the "taking" element of the crime of larceny. "'Taking' and 'carrying' ('caption' and 'asportation' at common law) must both be proven under our larceny statute." *Powell v. State,* 2012 WY 106, ¶ 7, 282 P.3d 163, 165 (Wyo. 2012), citing *Jones v. State,* 2011 WY 114, ¶ 11, 256 P.3d 527, 532 (Wyo. 2011). *See also*, *Mendicoa v. State,* 771 P.2d 1240 (Wyo. 1989). To commit the crime of larceny, "the taking must be 'trespassory,' meaning it must be without the owner's consent," and the thief must obtain neither title nor the right of possession of the property. *Powell,* ¶¶ 7, 10, 282 P.3d at 165-66.

[¶15] In *Jones,* ¶ 15, 256 P.3d at 533, we held the district court's failure to include the "taking" and "carrying" elements in the jury instructions violated a clear and unequivocal rule of law. Consistent with the *Jones* ruling, in *Powell,* we reversed the defendant's larceny conviction because the State failed to produce any evidence to establish a trespassory taking. In that case, Powell worked as a bookkeeper for a company and wrote unauthorized checks to herself and others and the owners signed them. We said that "[p]ossession of and title to both the check and the money represented by the check passed with the consent of the owners, even though, accepting the State's evidence as true, [Powell] deceived them as to the validity of the check's purpose." *Id.,* ¶ 12, 282 P.3d at 166. Although Powell's conduct may have been criminal under other statutes, such as obtaining property by false pretenses as defined in Wyo. Stat. Ann. § 6-3-407(a)

(LexisNexis 2011),[1] the evidence did not support a trepassory taking and the larceny conviction had to be reversed. *Id.,* ¶¶ 12-14, 282 P.3d at 166-67.

[¶16] This case presents a factual situation similar to Powell's. Mr. Nguyen opened an account and deposited checks which were not valid and then immediately withdrew money and absconded from the area. Although he took money which rightfully belonged to the bank, he did so with its permission. Even though the bank's consent and release of the money to Mr. Nguyen might have been based upon a false representation, i.e., the checks were valid when he knew they were not, no trespassory nonconsensual taking occurred.

[¶17] The State does not attempt to show, on appeal, that the taking element of larceny was established by the factual basis provided in this case. Instead, it argues that the factual basis was sufficient because Mr. Nguyen entered a voluntary plea and the facts establish that he committed some crime (possibly obtaining property by false pretenses or fraud by check[2]) even though the elements of the larceny statute were not satisfied. The State's argument is unconvincing. If we were to accept its position, the factual basis requirement would be essentially irrelevant. So long as the defendant admitted he had done something criminal, a conviction for any crime could stand. Moreover, it would make the elements of the charged crime immaterial, which is clearly inconsistent with the test for determining whether a sufficient factual basis exists under Rule 11, i.e., a comparison of the facts admitted with the elements of the crime. *See, e.g., Garcia-Paulin,* 627 F.3d at 131; *Hirsh,* ¶¶ 10-13, 135 P.3d at 590-92. We conclude the district court violated a clear and unequivocal rule of law when it accepted Mr. Nguyen's guilty plea without having a sufficient factual basis to establish he committed the charged crime of larceny.

[¶18] The third prong of the plain error analysis requires a showing of material prejudice. In *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004), the United States Supreme Court imposed a heightened prejudice requirement for Rule 11 violations when it held that "a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea." The Tenth Circuit Court of Appeals stated in *United States v. Landeros-Lopez,* 615 F.3d 1260, 1264, n.3 (10th Cir. 2010), the *Dominguez Benitez* rule is limited to evaluating the effect of an omitted Rule 11 warning on the defendant's decision to enter a guilty plea. The court explained:

---

[1] Section 6-3-407 criminalizes "knowingly obtain[ing] property from another person by false pretenses with intent to defraud the person."

[2] Wyo. Stat. Ann. § 6-3-702(a) (LexisNexis 2011) defines the crime of fraud by check: "Any person who knowingly issues a check which is not paid because the drawer has insufficient funds or credit with the drawee has issued a fraudulent check and commits fraud by check."

Rule 11(b)(3) [analogous to W.R.Cr.P. 11(f)] errors are distinct from the type of error addressed in *Dominguez Benitez:* A district court must reject a defendant's plea if it lacks a factual basis, even if the plea is knowingly and voluntarily made. Thus, whether Landeros would have ple[]d guilty in spite of any Rule 11(b)(3) error is irrelevant; the issue is whether the district court's alleged error in *accepting* the plea had a substantial effect on his rights. Accordingly, the *Dominiguez Benitez* rule does not apply.

(emphasis in original and citations omitted). Following the Tenth Circuit's lead, we will not apply the heightened prejudice requirement to allegations of insufficient factual basis.

[¶19] In *Landeros-Lopez,* 615 F.3d at 1263-64, the Tenth Circuit also ruled that in determining whether the factual basis was sufficient to justify the district court's acceptance of the guilty plea, the reviewing court may consider only the information in the record at the time the plea was accepted. However, in deciding whether an error in accepting a guilty plea without a sufficient factual basis affected the defendant's substantial rights, the entire record may be considered. *Id.* The Tenth Circuit indicated the district court erred by accepting the factual basis, but ruled the defendant was not prejudiced because the entire record, particularly the presentence investigation report, provided a sufficient factual basis to support his guilty plea. *Id.* In this case, by contrast, the taking element of larceny is not satisfied by a review of the entire record, including the PSI.

[¶20] One of the purposes of the factual basis requirement is to protect a defendant who offers to plead guilty with an understanding of the charge but without realizing his conduct does not meet the definition of the crime charged. *Van Haele,* ¶ 13, 90 P.3d at 712. That purpose was not met in this case, and Mr. Nguyen suffered material prejudice when the district court entered judgment based on his plea of guilty to a crime he did not commit. *See generally, United States v. Angeles-Mascote,* 206 F.3d 529, 531-32 (5th Cir. 2000) (finding material prejudice in the acceptance of a guilty plea when the factual basis did not meet the definition of the charged offense even though it would have satisfied the elements of an uncharged offense).

[¶21] The State also argues that Mr. Nguyen waived his right to complain about the sufficiency of the charging documents or the evidence by pleading guilty and entering into the plea agreement. It is well settled that "an unconditional guilty plea waives any appellate review of non-jurisdictional claims." *Kruger v. State,* 2012 WY 2, ¶ 45, 268 P.3d 248, 257 (Wyo. 2012). However, the waiver rule presupposes a proper and, therefore, enforceable guilty plea was entered. *See Vonn,* 535 U.S. at 59, 122 S. Ct. 1046; *United States v. Frook,* 616 F.3d 773, 775 (8th Cir. 2010). In *Garcia-Paulin,* 627

F.3d at 131 n.2, the court stated that a waiver of the right to appeal in a plea agreement was not enforceable if the factual basis for defendant's guilty plea was inadequate. In addition, the factual basis requirement for a valid guilty plea is distinct from a typical sufficiency of the evidence argument. *Porter v. McKune,* 189 Fed. Appx. 738, 740, n.1 (10th Cir. 2006) (unpublished opinion). The district court in the case at bar should not have entered judgment based upon Mr. Nguyen's guilty plea because it was not supported by an adequate factual basis, and the plea agreement is not enforceable.

[¶22] Reversed.