IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33186-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK ALAN WINTERS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Patrick Winters was convicted of first degree child molestation involving the daughter of his live-in fiancée. The crime did not involve the couple's newborn biological child. In the judgment and sentence, the court imposed a condition prohibiting Mr. Winters from having any direct or indirect contact with the victim or the victim's immediate family members, unless otherwise deemed appropriate by the court.

Mr. Winters subsequently filed a CrR 7.8 motion to modify the judgment and sentence to strike the no-contact prohibition with respect to his biological child. Neither the mother nor the State objected. The court denied the motion. It declined to modify the blanket prohibition and did not consider any less restrictive alternatives to what amounted

to a lifetime no-contact order. Mr. Winters appeals the court's ruling on the CrR 7.8 motion.

Mr. Winters's appeal implicates the well settled principle that the right to care, custody, and companionship of one's children is a fundamental constitutional right. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 299 P.3d 686 (2010). Sentencing conditions that burden this right "must be 'sensitively imposed' so that they are 'reasonably necessary to accomplish the essential needs of the State and public order.'" *Id*. at 373 (*quoting State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008)).

In his opening brief on appeal, Mr. Winters contended the court's prohibition of contact with his own minor child without applying the "reasonably necessary" standard or considering any less restrictive alternatives to a lifetime no-contact order has effectively terminated his parental rights and violated his fundamental right to parent.

In response, the State agreed the matter should be remanded for a hearing to determine whether the order prohibiting contact between Mr. Winters and his biological child was reasonably necessary to accomplish the needs of the State and public order. In view of the State's concession, our commissioner entered a ruling remanding the matter to the superior court for that purpose. The commissioner further directed the superior court upon entry of its order on remand to transfer the case back to this court to address any concerns that remain.

2

In the hearing on remand, the parties informed the superior court that they had reached an agreement on the matter. The court confirmed this with Mr. Winters on the record. On November 5, 2015, the court entered their jointly submitted order modifying the no-contact provision of the judgment and sentence. The order states that Mr. Winters shall

> Have no contact, either direct or indirect, with the victim and the victim's immediate family member, unless otherwise deemed appropriate by the court. However, the defendant shall have no contact, either direct or indirect with the victim's step-sister, who is also the defendant's daughter, until she reaches the age of 18. The defendant may ask the Court to readdress this restriction when he is released from custody.

Judgment and Sentence, Appendix F, Paragraph 7; Clerk's Papers at 86.

This court then gave each party the opportunity to file a supplemental brief regarding the superior court's order modifying the judgment and sentence. Both parties elected not to file a supplemental brief.

In view of the parties' agreement and the superior court's inclusion of Mr. Winters's requested less restrictive alternative to a lifetime no-contact order by allowing him to ask the court to readdress the restriction upon his release from custody, we find no basis at this time for further scrutiny of the no-contact provision.

The judgment and sentence as modified by the superior court's November 5, 2015 order is affirmed.

3

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.