# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 121

OCTOBER TERM, A.D. 2021

October 29, 2021

JOSHUA AARON REID,

Appellant
(Defendant),

v.

S-21-0073

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*

Bernard Q. Phelan, Phelan Law Offices, Cheyenne, Wyoming.

*Representing Appellee:*

Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Joshua Aaron Reid appeals the district court's denial of his pre-sentence motion to withdraw guilty plea.  We affirm.

## *FACTS*

[¶2]    By information filed October 3, 2016, the Laramie County District Attorney charged Mr. Reid with one count of burglary in violation of Wyo. Stat. Ann. § 6-3-301(a)(b).  The affidavit of probable cause filed with the information alleged that on October 2, 2016, Cheyenne Police Officer Brian Wiltjer was dispatched to an apartment building in Cheyenne.  The apartment occupants informed him the apartment had been broken into the night before and that a pair of sunglasses, valued at approximately $200, was stolen.  They said they believed Mr. Reid was the perpetrator because he was a co-worker of theirs, had been to the apartment before, knew the balcony door was unlocked, and his nickname, "Ghost," had been scribbled on a bedroom dresser.

[¶3]    Police officers went to Mr. Reid's place of employment.  Upon questioning, Mr. Reid stated that his fingerprints might "possibly" be on "Coors Light" cans found in the apartment, and the sunglasses "might" be at his residence.  Officers took Mr. Reid to his home where he produced the sunglasses.

[¶4]    In February 2017, Mr. Reid entered a plea of guilty to the burglary charge pursuant to a plea agreement.  In providing a factual basis for his plea, Mr. Reid initially stated that he entered the apartment with the intent to "borrow" the sunglasses.  Upon further questioning, he stated that he did not have permission to enter the apartment or borrow the sunglasses, that he took the sunglasses from the apartment, and that he brought them home and kept them there until the next day when he was confronted by law enforcement.  While acknowledging that the issue of intent was somewhat problematic, the district court concluded that Mr. Reid "at least intended to deprive the lawful owner of these sunglasses for about 12 hours" before contact with police.  Both the prosecutor and defense counsel agreed the factual basis was sufficient.  By order entered July 2017, the district court deferred sentencing pursuant to Wyo. Stat. Ann. § 7-13-301 and placed Mr. Reid on five years of probation.

[¶5]    In December 2017, and again in November 2018, the State filed petitions to revoke Mr. Reid's probation.  Both times, the district court revoked, and then reinstated, the five-year probationary period.

[¶6]    In September 2020, the State filed a third petition to revoke Mr. Reid's probation.  At the hearing on the petition, Mr. Reid admitted the allegations of the petition for revocation. Following this third revocation proceeding, in November 2020, Mr. Reid filed the motion to withdraw the guilty plea he had entered in 2017, asserting that the testimony

he gave to support his guilty plea was insufficient to establish a factual basis. Specifically, he argued that his testimony at the change of plea hearing established only that he entered the premises with the intent to "borrow" the sunglasses, not that he entered with the intent to commit a theft. Mr. Reid also filed a motion for hearing.

[¶7]   In December 2020, the district court denied Mr. Reid's motion for a hearing on his motion to withdraw his plea. The district court subsequently entered an order denying the motion to withdraw guilty plea. The court stated:

> [Mr. Reid's] defense – that [he] only "borrowed" the victim's sunglasses – is contextually inconsistent with the overall substance of the factual basis . . . offered in support of his original plea of guilty to Burglary. When he entered his plea of guilty, Defendant informed the court, under oath, that he entered the victim's residence without the victim's permission, took the victim's sunglasses without the victim's permission, left the victim's residence with the sunglasses, took the sunglasses to [his] residence, and retained the sunglasses until law enforcement contacted him roughly twelve hours later.

[¶8]   The court further concluded it would be an inconvenience to the court and a waste of judicial resources to conduct a trial. Finally, the court concluded Mr. Reid did not meet his burden of showing a fair and just reason to permit him to withdraw his plea as required by W.R.Cr.P. 32(d). On January 25, 2021, the court entered an order revoking Mr. Reid's probation, entered judgment convicting him of burglary, and sentenced him to credit for time served of 469 days. Mr. Reid timely appealed the order to this Court.

### STANDARD OF REVIEW

[¶9]   Although Mr. Reid contends an abuse of discretion standard applies, he only argues on appeal there is no factual basis for his guilty plea. Whether a court obtained a sufficient factual basis for a guilty plea goes to the voluntariness of the plea which we review de novo. *Steffey v. State*, 2019 WY 101, ¶ 17, 449 P.3d 1100, 1105 (Wyo. 2019).

### DISCUSSION

[¶10]  W.R.Cr.P. 11 governs guilty pleas. Subsection (f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." W.R.Cr.P. 11(f). We test for a sufficient factual basis to support a guilty plea by comparing the elements of the charged offense to the facts admitted by the defendant and inferences arising from those facts. *Mellott v. State*, 2019 WY 23, ¶ 28, 435 P.3d 376, 386 (Wyo. 2019). Wyo. Stat. Ann. § 6-3-301(a) (LexisNexis 2021) provides: "A person is guilty of

burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit theft or a felony therein."

[¶11]   Pursuant to this provision, the first element of the offense with which Mr. Reid was charged required proof that he entered the apartment building without authority. Mr. Reid admitted at the change of plea hearing that he entered the apartment without permission. That element of the burglary charge is satisfied.

[¶12]   The second element of the charged offense required proof of entry with the intent to commit a theft. Mr. Reid admitted at the change of plea hearing that he took the sunglasses from the apartment to his home and kept them there until confronted by law enforcement. In *Nguyen v. State*, 2013 WY 50, ¶ 11, 299 P.3d 683, 686 (Wyo. 2013) (internal citation omitted), we quoted *Maes v. State*, 2005 WY 70, ¶ 21, 114 P.3d 708, 714 (Wyo. 2005), for the following principles:

> [T]he factual basis for accepting a plea may be inferred from circumstances surrounding the crime and need not be established only from the defendant's statements. W.R.Cr.P. 11 does not require proof beyond a reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements.

Additionally, "[a] district court may deny a motion to withdraw a plea without a hearing if the defendant's allegations or reasons for withdrawal are contradicted by the record, are inherently unreliable, or are merely conclusions rather than statements of fact." *Brock v. State*, 981 P.2d 465, 468 (Wyo. 1999).

[¶13]   The district court found Mr. Reid's claim in 2020 that he "borrowed"[1] the sunglasses inconsistent with his 2017 testimony that he entered the apartment without permission, took the sunglasses from the apartment to his home without permission, and kept them there until confronted by law enforcement. From the circumstances surrounding the crime, we can reasonably infer that Mr. Reid entered the apartment with the intent to commit theft. These admissions satisfied the second element of the burglary charge.

[¶14]   One final matter warrants discussion. In a footnote in its brief, the State contends that the sentence the district court imposed is illegal because it provided for a definite term of imprisonment rather than a maximum and minimum term as required by Wyo. Stat. Ann.

---

[1] In his brief to this Court, Mr. Reid cites Black's Law Dictionary for the following definition of "borrow": "To solicit and receive from another any article of property, money or thing of value with the intention and promise to repay or return it or its equivalent." *Borrow*, Black's Law Dictionary (6th ed. 1990). Mr. Reid neither solicited nor received the sunglasses from the apartment occupants nor did he promise to pay for or return them.

3

§ 7-13-201.  The State acknowledges Mr. Reid did not raise the issue in his brief and then states that it referenced the issue in a footnote because it does not have the authority to file a cross-appeal.  The remedy, should the State elect to utilize it, is to file a motion to correct illegal sentence pursuant to W.R.Cr.P. 35.

## *CONCLUSION*

[¶15]  A sufficient factual basis existed for Mr. Reid's guilty plea.  The district court properly denied the motion to withdraw it.  We affirm.