# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 22

OCTOBER TERM, A.D. 2022

March 14, 2023

MADELINE CARLENE DELAROSA,

Appellant
(Defendant),

v.

S-22-0177

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Washakie County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General. Argument by Mr. Woykovsky.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]     Madeline Carlene Delarosa pled guilty to two counts of forgery.  She challenges the judgment and sentence, arguing the factual basis for her guilty plea was insufficient, and that the district court failed to enter a judgment in violation of W.R.Cr.P. 32(b).  The State counters that Ms. Delarosa's guilty plea had a sufficient factual basis, establishes she was an accessory before the fact, and that Ms. Delarosa was not prejudiced by any alleged error.  Finding that the district court plainly erred in accepting Ms. Delarosa's guilty plea because it lacked a factual basis, we reverse and remand for proceedings consistent with this opinion.

## ISSUES

[¶2]     Ms. Delarosa raises two issues:

> 1.     Did the district court plainly err when it accepted Ms. Delarosa's guilty plea without obtaining a sufficient factual basis to support the charged forgery offenses?

> 2.     Did the district court plainly err when it failed to enter a judgment against Ms. Delarosa in accordance with W.R.Cr.P. 32(b)?

[¶3]     Because we reverse finding plain error in the district court's failure to obtain a sufficient factual basis for Ms. Delarosa's guilty plea, we do not reach Ms. Delarosa's second issue.

## FACTS

[¶4]     In August 2020, Ms. Delarosa was charged with two felony counts of forgery, in violation of Wyo. Stat. Ann. § 6-3-602(a)(ii).  Ms. Delarosa and the State reached a plea agreement.[1]  The district court held a change of plea hearing on November 3, 2021.  During the hearing, Ms. Delarosa pled guilty to both counts, and the district court requested her attorney lay a factual basis for her plea.  Ms. Delarosa was placed under oath and had the following exchange with her attorney:

> Q:     All right.  And on that date did you give access to a bank account or a bank card that belonged to you?

---

[1] Ms. Delarosa agreed to plead guilty and in exchange, the State agreed to recommend concurrent sentences of four to six years.  However, if Ms. Delarosa paid full restitution of $8,160 prior to sentencing, the State would recommend a split sentence, with one year incarceration and three years of probation.  It is undisputed that Ms. Delarosa did not pay full restitution prior to sentencing.

A:     Yes.

Q:     And did you give that access to some other person?

A:     Yes.

Q:     And who was that?

A:     Antonio Deniz.

Q:     Okay.  And at the time that you allowed him to have access to your bank account on August the 17th of 2020, did you come to know that he or possibly yourself had possession of some checks that were belonging to a Margaret Stark who lives here in Worland?

A:     Yes.

Q:     All right.  And did you have knowledge on or about August the 17th of 2020, that Ms. Stark did not issue any checks that would have been payable to you?  Did you have knowledge of that?

A:     Yes.

Q:     Okay.  And so those – those two checks that were issued on or around that date were being deposited into your bank account or by use of your bank card, you had knowledge that those funds were not owed to you; correct?

A:     Yes.

Q:     And that you allowed that transaction to take place or was attempted to take place in order to gain money from Mrs. Stark that was not owed to you; correct?

A:     Yes – I'm –

Q:     Okay.  And that prior to this date there had been other transactions that were similar to that, that the total amount of the restitution owed to Mrs. Stark is the $8,160, that we talked

2

about previously, is the restitution in this matter; is that also correct?

A:  Yes.

. . .

Q:  That there were two times this happened on August 17th; correct?

A:  Yes.

The district court found that a factual basis had been laid.

[¶5]   On March 30, 2022, the district court entered an Order After Change of Plea in which it found the plea voluntary, accepted the factual basis, and ordered a presentence investigation.  On May 11, 2022, the district court sentenced Ms. Delarosa to concurrent terms of four to six years and required restitution in the amount of $8,160.  The district court entered its Sentence Order on May 18, 2022.  Neither order includes an adjudication of guilt.  This appeal followed.

## STANDARD OF REVIEW

[¶6]   Ms. Delarosa did not move to withdraw or otherwise object to her guilty plea in the district court, and she did not challenge the lack of a judgment in the district court. Accordingly, our review is for plain error.  *Beeson v. State*, 2022 WY 86, ¶ 6, 512 P.3d 986, 989 (Wyo. 2022); *Kiet Hoang Nguyen v. State*, 2013 WY 50, ¶ 10, 299 P.3d 683, 686 (Wyo. 2013).  Plain error occurs when the alleged error: "(1) clearly appears in the record; (2) clearly and obviously violates a clear and unequivocal rule of law; and (3) affects a defendant's substantial right to his material prejudice.  Failure to establish each element . . . precludes a finding of plain error."  *Beeson*, ¶ 6, 512 P.3d at 989 (quoting *Leners v. State*, 2021 WY 67, ¶ 23, 486 P.3d 1013, 1018 (Wyo. 2021), *cert. denied*, — U.S. —, 142 S.Ct. 410, 211 L.Ed.2d 220 (2021)).

## ANALYSIS

I.     ***Did the district court plainly err when it accepted Ms. Delarosa's guilty plea without obtaining a sufficient factual basis to support the charged forgery offenses?***

[¶7]   Ms. Delarosa argues there was not a sufficient factual basis for the district court to accept her plea on both forgery counts.  Because we have a transcript of the change of plea

3

hearing, the factual basis appears in the record. The first prong of plain error has been met. We turn to the other two prongs—whether there is a clear and obvious violation of a clear and unequivocal rule of law and whether Ms. Delarosa's substantial rights were materially prejudiced.

## A. Violation of a Clear and Unequivocal Rule of Law

[¶8] Rule 11 of the Wyoming Rules of Criminal Procedure governs guilty pleas. "Strict adherence to the rule is required and any deviation from the procedure set forth therein must be harmless beyond a reasonable doubt or a defendant must be allowed to enter a new plea." *Maes v. State*, 2005 WY 70, ¶ 8, 114 P.3d 708, 710 (Wyo. 2005) (citation omitted). Rule 11(f) provides: "*Determining accuracy of plea.* – Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." W.R.Cr.P. 11(f). The factual basis inquiry protects "a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Beeson*, ¶ 8, 512 P.3d at 989 (quoting *Williams v. State*, 2015 WY 100, ¶ 21, 354 P.3d 954, 962 (Wyo. 2015)).

[¶9] A court violates a clear and unequivocal rule of law when it accepts a guilty plea without a sufficient factual basis to establish the defendant committed the charged crime. *Nguyen*, ¶ 17, 299 P.3d at 688 ("the district court violated a clear and unequivocal rule of law when it accepted Mr. Nguyen's guilty plea without having a sufficient factual basis to establish he committed the charged crime"). To test for a sufficient factual basis under W.R.Cr.P. 11(f), we compare the elements of the charged offense to the facts admitted by the defendant and inferences arising from those facts. *Beeson*, ¶ 7, 512 P.3d at 989 (quoting *Mellott v. State*, 2019 WY 23, ¶ 28, 435 P.3d 376, 386 (Wyo. 2019) (citing *Nguyen*, ¶ 13, 299 P.3d at 687)).

> [T]he factual basis for accepting a plea may be inferred from circumstances surrounding the crime and need not be established only from the defendant's statements. W.R.Cr.P. 11 does not require proof beyond a reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements.

*Beeson*, ¶ 7, 512 P.3d at 989 (quoting *Reid v. State*, 2021 WY 121, ¶ 12, 497 P.3d 464, 466 (Wyo. 2021) (quoting *Nguyen*, ¶ 11, 299 P.3d at 686)).

[¶10] Wyo. Stat. Ann. § 6-3-602(a) provides:

> (a) A person is guilty of forgery if, with intent to defraud, he:

4

> (i) Alters any writing of another without authority;
>
> (ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>
> (iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

Wyo. Stat. Ann. § 6-3-602(a) (LexisNexis 2021). In *Riddle v. State*, we explained that subparagraph (i) applies to altering a writing; subparagraph (ii) applies to the making of a writing; and subparagraph (iii) applies to uttering a writing. *Riddle v. State*, 2017 WY 153, ¶ 13, 407 P.3d 392, 395 (Wyo. 2017). Ms. Delarosa was charged with forgery under Wyo. Stat. Ann. § 6-3-602(a)(ii). Both counts state:

> On or about the 17th day of August, 2020, in Washakie County, Wyoming, the Defendant did, with intent to defraud, make[,] utter, complete, execute, authenticate, issue or transfer any writing so that it purports to be the act of another who did not authorize that act, in violation of W.S. 6-3-602(a)(ii) . . . .

[¶11] At her change of plea hearing, Ms. Delarosa testified that she gave Antonio Deniz access to a bank account or bank card that belonged to her. She stated that on the relevant date, she knew that Mr. Deniz "or possibly" herself possessed checks belonging to the victim, she knew that the victim did not issue any checks payable to her, and she knew no funds were owed to her. She also admitted that she allowed the transaction to take place (or to be attempted) to gain money from the victim. Ms. Delarosa did not establish that she wrote the checks, signed them, or took any other action regarding those checks. The factual basis establishes only that she gave access to her bank account or bank card to someone who attempted to deposit fraudulent checks. The Court cannot find or infer from the factual basis that Ms. Delarosa "[made], complete[d], execute[d], authenticate[d], issue[d] or transfer[red] any writing," as required by Wyo. Stat. Ann. § 6-3-602(a)(ii).[2]

---

[2] Ms. Delarosa concedes that the "State might have opted to charge her with an alternative crime, or even with conspiracy to commit forgery" and that she "might have provided a sufficient factual basis for conspiracy, or some other crime." However, those crimes are not relevant to our analysis. Ms. Delarosa was charged with two counts of forgery in violation of Wyo. Stat. Ann. § 6-3-602(a)(ii).

There was not a sufficient factual basis to establish forgery in violation of Wyo. Stat. Ann. § 6-3-602(a)(ii).

[¶12] The State argues that there was a sufficient factual basis to establish forgery by uttering because the district court could have inferred that she "did more than simply give someone 'access to [her] bank account or [her] bank card.'" "'Uttering' is the 'crime of presenting a false or worthless instrument with the intent to harm or defraud.'" *Riddle*, ¶ 19, 407 P.3d at 396 (quoting *Uttering*, Black's Law Dictionary 1687 (9th ed. 2009)). Uttering is prohibited under subsection (a)(iii). While the information contains the word "utter[ing]," Ms. Delarosa was charged under subsection (a)(ii), not (a)(iii). Ms. Delarosa did not plead guilty to uttering. The factual basis for her plea had to comport with the elements of the crime of forgery under subsection (a)(ii).[3]

[¶13] In *Nguyen*, the State argued that the defendant's factual basis for his guilty plea to the crime of larceny was sufficient because he had entered a voluntary plea, and the facts established that he committed "some crime (possibly obtaining property by false pretenses or fraud by check) even though the elements of the larceny statute were not satisfied." *Nguyen*, ¶ 17, 299 P.3d at 688 (footnote omitted). We rejected the State's argument, explaining:

> If we were to accept its position, the factual basis requirement would be essentially irrelevant. So long as the defendant admitted he had done something criminal, a conviction for any crime could stand. Moreover, it would make the elements of the charged crime immaterial, which is clearly inconsistent with the test for determining whether a sufficient factual basis exists under Rule 11, i.e., a comparison of the facts admitted with the elements of the crime. *See, e.g.*, [*United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010)]; *Hirsch* [*v. State*, 2006 WY 66, ¶¶ 10–13, 135 P.3d 586, 590–92 (Wyo. 2006)]. We conclude the district court violated a clear and unequivocal rule of law when it accepted Mr. Nguyen's guilty plea without having a sufficient factual basis to establish he committed the charged crime of larceny.

*Nguyen*, ¶ 17, 299 P.3d at 688. Here, Ms. Delarosa's factual basis does not establish she committed the crime of forgery in violation of Wyo. Stat. Ann. § 6-3-602(a)(ii). *See supra* ¶¶ 11–12.

---

[3] Even if she had been charged with a violation of Wyo. Stat. Ann. § 6-3-602(a)(iii), there is an insufficient factual basis to support a guilty plea for that charge. There is nothing in Ms. Delarosa's testimony that would support an inference that she presented a false document, in violation of Wyo. Stat. Ann. § 6-3-602(a)(iii).

[¶14]   The State also argues that Ms. Delarosa's statement forms a factual basis for aiding and abetting a forgery.  Wyo. Stat. Ann. § 6-1-201(b)(i) provides that an aider and abettor "[m]ay be indicted, informed against, tried and convicted as if he were a principal . . . ."  The State contends that because Wyoming law does not require that the aiding and abetting statute be identified in the charging document, it is enough that Ms. Delarosa admitted she allowed someone to deposit two checks into her account to "gain money . . . that was not owed to" her.  The State submits that, "[b]ased on these admissions, the district court could reasonably infer that" Ms. Delarosa aided and abetted the crime of forgery, even though she was not charged under Wyo. Stat. Ann. § 6-1-201.

[¶15]   We have explained that

> an aider and abettor is to be informed against, tried, and convicted in the same manner as if he were a principal, no distinction is made between an aider and abettor and principal.  Hence, an aider and abettor is guilty of the principal crime.  Proof of participation in either capacity is sufficient to convict a defendant as a principal, and it is not necessary that the information refer to the aiding and abetting statute. *Hawkes v. State*, 626 P.2d [1041, 1043 (Wyo. 1981)]; *Neilson v. State*, 599 P.2d [1326, 1335 (Wyo. 1979)].

*Black v. State*, 2002 WY 72, ¶ 29, 46 P.3d 298, 303–04 (Wyo. 2002).  In *Black* the defendant was not charged with aiding and abetting.  Nevertheless, we found "the information in [that] case sufficient to support the defendant's conviction" for aiding and abetting, and we upheld the district court's instructions to the jury on that crime. *Black*, ¶ 30, 46 P.3d at 304.  In *Black*, however, the defendant had notice that the State's theory against him included aiding and abetting.  We explained:

> Further in support of our conclusion, we recognize, as we did in *Neilson*, that appellant could have requested to be furnished with a bill of particulars setting forth the precise theories under which the State would prosecute the charges asserted against him.  In addition, and perhaps most importantly, the State filed a Notice of Intent specifically putting appellant on notice that the State would rely on those theories to the extent necessary of co-defendant liability, aider and abettor theory, and Pinkerton liability, as well as liability as a principal in each of the charged offenses.

7

As this court indicated in *Hawkes*, 626 P.2d at 1043, in comparing the facts of *Neilson v. State*, 599 P.2d 1326 (Wyo. 1979), to that case:

> Defendant's case is even weaker than that in *Neilson, supra*, since defendant had actual notice of the State's theory as set out in the bill of particulars. Admittedly, a bill of particulars is not a part of the information and does not change the offense charged; however, it does make the general allegations more specific, which allows the defendant an opportunity to better prepare his case.
>
> Here, we similarly hold that while the Notice of Intent is not a part of the information and does not change the offenses charged, it did give appellant actual and explicit notice of the possible theories that the State would rely upon which allowed appellant a better opportunity to better prepare his case. *See Hawkes*, at 1043–44 and those cases cited therein.

*Black*, ¶¶ 30–33, 46 P.3d at 304 (footnote omitted). Even though the information need not contain an aiding and abetting charge, a defendant must have notice that aiding and abetting is a theory upon which the State will rely. *See id.* Further, we have stated that it is the "better practice to have an information contain a reference to the aiding and abetting statute if it appears that the accused may have acted as an accessory rather [than] a principal." *Black*, ¶ 30, 46 P.3d at 304; *see also Rawle v. State*, 2007 WY 59, 155 P.3d 1024 (Wyo. 2007).

[¶16]   Here, the issue is not whether Ms. Delarosa had notice sufficient to defend herself from an aiding and abetting charge at trial; it is whether she provided a factual basis sufficient to support her guilty plea. Ms. Delarosa did not plead guilty to the charge of aiding and abetting a forgery. The purpose of obtaining a factual basis for a guilty plea is to protect the defendant from being misled—a factual basis ensures a defendant understands the nature of the charge and that her conduct falls within the charge. *See Beeson*, ¶ 8, 512 P.3d at 989. Without notice she was being accused of aiding and abetting, there is no way Ms. Delarosa could have understood the nature of the charge or pled guilty to it. The State's contention that the aiding and abetting statute applies to Ms. Delarosa's plea is unavailing.

[¶17]   The district court violated a clear and unequivocal rule of law when it accepted Ms. Delarosa's guilty plea without having a sufficient factual basis she committed the charged crime of forgery under Wyo. Stat. Ann. § 6-3-602(a)(ii).

## B. Prejudice

[¶18]  We now turn to the last prong of our plain error review—whether the district court's violation of clear and unequivocal rule of law materially prejudiced Ms. Delarosa's substantial rights.  "[I]n deciding whether an error in accepting a guilty plea without a sufficient factual basis affected the defendant's substantial rights, the entire record may be considered."  *Nguyen*, ¶ 19, 299 P.3d at 689 (citing *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263–64 (10th Cir. 2010)).

[¶19]  In *Landeros-Lopez*, the Tenth Circuit held that the district court had erred by accepting an insufficient factual basis for the defendant's guilty plea but concluded that the defendant was not prejudiced because the entire record, including the presentence investigation report (PSI), provided a sufficient factual basis to support his guilty plea. *Landeros-Lopez*, 615 F.3d at 1263–64.  In contrast, in *Nguyen* the defendant pled guilty to larceny, but an element of that crime had not been established.  After a review of the record, including the PSI, we found the element was not established in the record and, as a result, the defendant was prejudiced.  *Nguyen*, ¶¶ 19–20, 299 P.3d at 689 (holding "Mr. Nguyen suffered material prejudice when the district court entered judgment based on his plea of guilty to a crime he did not commit." (citing *United States v. Angeles-Mascote*, 206 F.3d 529, 531–32 (5th Cir. 2000) (finding material prejudice in the acceptance of a guilty plea when the factual basis did not meet the definition of the charged offense even though it would have satisfied the elements of an uncharged offense))).

[¶20]  Here the record, including the PSI, does not contain information that establishes an element of the charged offense—that the defendant did "make[], complete[], execute[], authenticate[], issue[] or transfer[] a[] writing" as set forth in Wyo. Stat. Ann. § 6-3-602(a)(ii).  Ms. Delarosa suffered material prejudice when the district court sentenced her based on her guilty plea to a crime the record does not reflect she committed.  We reverse and remand for proceedings consistent with this opinion.

9